UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**ROY PITTMAN,**

       **Plaintiff,**

v.                                         **CIVIL ACTION NO. _____**

**FCA US LLC,**

**MERRIMAC MOTORS, INCORPORATED d/b/a POMOCO CHRYSLER JEEP DODGE (NEWPORT NEWS CI), and**

**OLD POINT FINANCIAL CORPORATION d/b/a OLD POINT NATIONAL BANK,**

       **Defendants.**

## COMPLAINT

COMES NOW, Roy Pittman, Plaintiff, ("Mr. Pittman" or "Plaintiff") by counsel, and for his Complaint against Defendants FCA US, LLC ("FCA"), Merrimac Motors, Incorporated d/b/a Pomoco Chrysler Jeep Dodge ("Pomoco"), and Old Point Financial Corporation d/b/a Old Point National Bank ("Old Point") (collectively "Defendants"), he states as follows:

### PRELIMINARY STATEMENT

1. This case arises from Defendants' breach of warranty, and violation of federal and state law by selling a dangerous and defective new motor vehicle to Mr. Pittman and failing to correct such defects.

### JURISDICTION AND VENUE

2. Jurisdiction exists with this Court because a federal claim exists in which there is more than $50,000 in controversy under 15 U.S.C. § 2301 et seq., invoking 28 U.S.C. § 1331, and 28 USC § 1367.

3. This Court has venue over this action because the transactions occurred in this District and Division. Mr. Pittman is a resident of this District and Division.

**PARTIES**

4. Mr. Pittman is an individual consumer and lives in Newport News, Virginia.

5. FCA US LLC is a foreign limited liability company doing business in Virginia as a manufacturer engaged in the business of manufacturing and/or assembling motor vehicles and/or distributing motor vehicles to its authorized dealers within the Commonwealth of Virginia and is a "manufacturer" as defined in §59.1-207.11 of the Code of Virginia, 1950, as amended.

6. Pomoco is a domestic corporation with its registered office in Newport News.

7. Old Point Financial Corporation is a domestic corporation with its registered office in Hampton, Virginia.

**FACTS**

8. On November 5, 2019, Mr. Pittman purchased a new Dodge Ram 2500 with VIN 3C6UR5DJXKG557026 (the "Truck") from Pomoco in his own name with the intent to use it as a primary means of transportation.

9. Mr. Pittman has used the Truck in substantial part for his own household and personal purposes.

10. The Truck is a "consumer product" as defined by 15 U.S.C. § 2301 as it is tangible personal property which is distributed in commerce and which of the type that is normally used for personal, family, or household purposes.

11. Both FCA and Pomoco advertised the Truck as having a substantial and near complete warranty

12. As part of this purchase, FCA and Pomoco provided a written warranty book (the "Written Book") for the Truck.

13. The Written Book stated that it covers "any item … that is defective in material, workmanship or factory preparation. There is no list of covered parts since the only exception are tires and Unwired headphones."

14. The Written Book further states that it includes a "Powertrain Limited Warranty" which covers, among other parts, the "Transmission case and all internal parts; torque converter; drive/flex plate; transmission range switch; speed sensors; transmission control module."

15. Mr. Pittman paid over $50,000.00 to purchase the Truck.

16. Mr. Pittman signed a Retail Installment Sales Contract (the "RISC") to personally finance the purchase of the Truck and purchase it from Pomoco.

17. FCA supplied the Truck to Pomoco to sell to Mr. Pittman.

18. Under the terms of the RISC, Mr. Pittman is responsible to pay a total of $67,419 for his financing of the Truck.

19. This RISC was assigned to Old Point.

20. Since such assignment, Plaintiff has made his regular monthly payments for the Truck purchase to Old Point.

21. In or around September 2020, Mr. Pittman started experiencing issues with the Truck, including trouble with the Truck's transmission, trouble shifting gears, and uncontrollable gear changes from Park to Drive while stopped, among other issues.

22. By example only, and without limitation, on or around September 19, 2020, Mr. Pittman was involved in an accident while driving the Truck. This accident occurred while Mr. Pittman was driving the Truck and was caused due to defects with Truck. Despite being in Park, the Truck lurched forward and collided with the car in front.

23. The same or similar problem, caused by the same unrepaired defect occurred on multiple other occasions. In at least one other instance as an example only and without limitation, Mr. Pittman was driving the Truck and stopped at a traffic light, when the Truck suddenly again and then turned off.

24. The above issues and those the Plaintiff experienced with the Truck are serious safety defects with the Truck.

25. On or around September 21, 2020, Mr. Pittman returned the Truck to Pomoco to fix these defects.

26. Based on information and belief, Pomoco notified FCA of these defects with the Truck on or around September 21, 2020.

27. Pomoco did not fix these defects.

28. In or around January 2021, Mr. Pittman took the Truck to another FCA dealer to fix the defects.

29. This dealer has also not fixed these defects.

30. FCA has been notified of these defects with the Truck and has failed to fix these defects.

31. Plaintiff was forced to seek repair of the Truck within eighteen months of purchasing the vehicle and after having driven it less than 12,000 miles.

32. The Truck has failed to conform to its manufacturer's warranty in such manner as to be significantly impaired in one or more of the following ways:

(a) Plaintiff's Truck has suffered the same defect – transmission seizure, electronic control and involuntary shifting – three (3) or more times;

(b) Plaintiff's Truck has suffered a nonconformity that is a serious safety defect and has been subject to repair one or more times by FCA, and/or its agent and authorized dealers and the same nonconformity continues to exist; and

(c.) the Truck has been out of service because of the nonconformity over 30 days.

33. None of the non-conformities hereinabove alleged was a result of abuse, neglect or unauthorized modification or alteration of the Plaintiff's automobile.

34. FCA and Pomoco have breached their contract with Mr. Pittman and the warranty and FCA has further violated the Federal Magnuson-Moss Act and the Virginia Automobile Warranty Enforcement Act by failing and refusing to bring the automobile into conformity with its written and implied warranty.

35. Plaintiff has incurred other damages including without limitation, loss of use of the automobile and/or payment of interest, insurance, personal property taxes and other incidental and consequential damages on the automobile.

36. The RISC was sold and assigned to Old Point with the PRESERVATION OF CONSUMERS' CLAIMS AND DEFENSES rule language required by the Federal Trade Commission, which provides:

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER

BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER

("the "FTC Holder Rule")

37. Accordingly, Old Point here is subject to all of Mr. Pittman's claims and defenses as to the Truck that would otherwise be allowed as against Pomoco.

## COUNT ONE:
**Breach of Written Warranty against FCA**

38. FCA breached the terms of this written warranty by failing to fix the defects with the Truck.

39. Mr. Pittman has been harmed by this breach.

40. FCA is liable to Mr. Pittman for this breach and Mr. Pittman is entitled to either the rescission of the purchase of the Truck or his damages suffered as a result of FCA's breach.

## COUNT TWO:
**Breach of Implied Warranty of Merchantability against all Defendants**

41. When Pomoco sold the Truck to Mr. Pittman, this transaction included the implied warranty of merchantability. Va. Code § 8.2-314.

42. The Truck did not conform to this warranty as its defects caused it not to pass without objection, is was of fair average quality, and it was not fit to be driven.

43. Defendants breached the terms of the implied warranty by failing to fix the defects with the Truck.

44. Mr. Pittman has been harmed by this breach.

45. As the holder of the RISC, Old Point is liable to Mr. Pittman for any claims Mr. Pittman has against Pomoco that arose from Mr. Pittman's purchase of the Truck.

46. Defendants are liable to Mr. Pittman for this breach and Mr. Pittman is entitled to either the rescission of the purchase of the Truck or his damages suffered as a result of FCA's breach.

**COUNT THREE:**
**Violation of the FTC Magnuson Moss Warranty Act against all Defendants**
**15 U.S.C. § 2301**

47. This claim is for breach of express and implied warranties, contract of warranties, and Defendants violation of their obligations under the Federal Trade Commission Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., including but not limited to its obligations to comply with its warranties and contract of warranty and to make its warranty term disclosures and its actions in full compliance with all provisions of the FTC Warranty Act and its applicable regulations.

48. The Truck is a "consumer product" within the meaning of the FTC Warranty Act.

49. Mr. Pittman is a consumer within the meaning of the FTC Warranty Act.

50. Defendants FCA and Pomoco are warrantors and suppliers within the meaning of the FTC Warranty Act.

51. FCA provided a written warranty on the Truck within the meaning of the FTC Warranty Act.

52. Pomoco provided an implied warranty on the Truck within the meaning of the FTC Warranty Act.

53. Defendants FCA and Pomoco violated the FTC Warranty Act by failing to honor the warranties on the Truck.

54. As a result of Defendants' failure to honor the warranties, Mr. Pittman has suffered actual damages, including the loss of his vehicle, monetary loss, lost time, emotional distress, among other damages.

55. Mr. Pittman's damages exceed $50,000.

56. As a result of the above, Defendants are in violation of the FTC Warranty Act and Mr. Pittman is entitled to statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each violation that may be proven at trial, as well as reasonable attorney's fees and costs.

### COUNT THREE:
### Violation of the Virginia Motor Vehicle Warranty Enforcement Act against FCA
### Va. Code § 59.1-207.9, et seq

57. Defendants FCA and its authorized dealers have failed to conform the Truck to its warranty by repairing or correcting the defects and conditions of which FCA has been advised.

58. Those defects and conditions significantly impairs the use, market value, and safety of the Truck to Mr. Pittman,

59. Plaintiff has made a reasonable number of attempts within the period provided under the statute.

60. Despite his demand, FCA has refused to accept from Mr. Pittman the return of the Truck and has refused to provide him the refund and return of all monies paid as otherwise required by Va. Code § 59.1-207.13.

61. As a result of the above, FCA is in violation of the Virginia Lemon Law and Mr. Pittman is entitled to statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each violation that may be proven at trial, as well as reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court to enter judgment for actual and statutory damage, and equitable, injunctive relief (including recission) as pled, attorneys' fees and costs, pre-judgment and post-judgment interest to Plaintiff, and such other relief as the Court deems just and appropriate.

## TRIAL BY JURY IS DEMANDED

Respectfully Submitted,

**ROY PITTMAN,**

By: /s/ *Leonard A. Bennett*

Leonard A. Bennet (VSB # 37523 )
Craig C. Marchiando (VSB # 89736)
Kevin A. Dillon (VSB # 93475)
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Blvd, 1a
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: kevin@clalegal.com

*Counsel for Plaintiff*